IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ICE DESIGN FACTORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:24-cv-12954 |
| vs. | ) |
| | ) |
| ABOVO8 LLC | ) |
| d/b/a GiGi Seasons, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, ICE Design Factory, by and through its attorneys, allege against Defendants Abovo8 LLC d/b/a GiGi Seasons and Georgios Georgiou ("Defendants") as follows:

## NATURE OF THE ACTION

1. This action seeks compensatory damages and attorney's fees and costs pursuant to Illinois Trade Secrets Act (765 Ill. Comp. Sta. 1065/8 (1988) and the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq.*) for misappropriation of ICE Design Factory's trade secrets and proprietary information.

2. This action seeks declaratory relief, compensatory damages, punitive damages, and attorney's fees and costs for breach of fiduciary duty and relevant claims arising from a business relationship between ICE Design Factory and Defendants.

3. This action further seeks preliminary and permanent injunctive relief and damages pursuant to the Lanham Act, (15 U.S.C. § 1114 and 15 U.S.C. §1125 *et. seq.*); the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et. seq.*); and for trademark infringement and unfair competition pursuant to Illinois common law. This action also seeks a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

1

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, the trade secret laws of the United States (18 U.S.C. §§ 1836 and 1839), and the copyright laws of the United States (17 U.S.C. § 101 *et seq.*). This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contact with this District generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods and/or services over the Internet to the citizens of Illinois, so as to subject it to both personal jurisdiction this court and to make this court a proper venue pursuant to 28 U.S.C. §1391.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1400(a) because Defendants transact business in this District, have misappropriated trade secrets in this District, have engaged in copyright infringement in this District, and are subject to personal jurisdiction in this District. In addition, venue is proper because Plaintiff is headquartered in this District; has made significant investments of both equipment and engineering talent in this District; stores in or invented in this District certain of the trade secrets and copyrighted material at issue in this case; and has suffered harm in this District.

## THE PARTIES

7. Plaintiff, International Custom Element Design Factory, Inc. ("ICE Design Factory"), is a Corporation of Illinois with its principal place of business at 1730 W. Terra Cotta Place, Apt. E, Chicago, IL 60614.

8. Plaintiff specializes in providing seasonal holiday decorations within the United States and abroad.

9. Defendant is doing business as Gigi Seasons with a principal place of business at 4258 N. Knox Ave., Chicago, Illinois 60641.

10. Defendant is in the business of supplying seasonal holiday decor within the United States.

11. Georgios Georgiou ("Georgiou") is an individual residing in Illinois. Upon information and belief, Georgiou has full ownership interest in GiGi Seasons.

12. Georgiou was formerly employed by ICE Design until February 23, 2017.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

13. Upon information and belief, ICE Design Factory and Georgiou entered into an employment relationship.

14. On February 23, 2017, ICE Design terminated Georgiou's employment.

15. On February 25, 2017, Georgiou created GiGi Seasons to compete in the seasonal decoration market alongside ICE Design Factory.

## COUNT I: TRADE SECRET MISAPPROPRIATION

16. Plaintiff hereby realleges and reaffirms paragraphs 1 through 15 of this complaint, as if the same were herein set forth verbatim.

17. ICE Design Factory has invested substantial time, effort, and resources in developing and safeguarding its proprietary trade secrets.

18. ICE Design Factory's trade secrets encompass pricing, client names and contact information, vendor names and contact information, contract terms, business methods, marketing plans, and other proprietary materials that provide the company with a competitive advantage in the import industry.

19. GiGi Seasons has unlawfully acquired and utilized ICE Design Factory's trade secrets, in direct violation of the Illinois Trade Secrets Act (765 Ill. Comp. Sta. 1065/8 (1988) and the Defend Trade Secrets Act of 2016. 18 U.S.C. § 1836, et seq.

20. GiGi Seasons has reproduced, published, distributed, transmitted, or otherwise utilized ICE Design Factory's proprietary information.

21. ICE Design Factory has been and continues to be damaged by Defendants' wrongful actions described above.

22. Unless enjoined by this Court, Defendants' acts of infringement will continue, and ICE Design Factory will continue to suffer irreparable harm.

## COUNT II: BREACH OF FIDUCIARY DUTY

23. Plaintiff hereby realleges and reaffirms paragraphs 1 through 34 of this complaint, as if the same were herein set forth verbatim.

24. During Georgiou's employment with ICE Design Factory, he had access to ICE Design Factory's proprietary information, including trade secrets, customer lists, pricing strategies, and marketing plans.

25. As an employee, Georgiou owed a fiduciary duty of loyalty to ICE Design Factory.

26. Georgiou's fiduciary duty of loyalty included the duty to maintain confidentiality and protect the trade secrets of the company.

27. When Georgiou's employment with ICE Design Factory was terminated, his legal duties required him to return or destroy confidential data upon departure.

28. Georgiou's fiduciary duty of loyalty extended beyond termination where confidential information is still being used.

29. After Georgiou's employment with ICE Design Factory was terminated, Georgios retained ICE Design Factory proprietary information.

30. After Georgiou's departure from ICE Design Factory, he engaged in the misappropriation and use of ICE Design Factory's trade secrets and other confidential information.

31. After Georgiou's departure from ICE Design Factory, he engaged in efforts to compete directly with ICE Design Factory.

32. After Georgiou's departure from ICE Design Factory, he used ICE Design Factory's customer and vendor lists to solicit business for GiGi Seasons.

33. After Georgiou's departure from ICE Design Factory, he disclosed proprietary information to unauthorized individuals working or otherwise affiliated with GiGi Seasons.

34. Georgiou breached his fiduciary duty of loyalty when he retained proprietary information of the Plaintiff.

35. ICE Design Factory has been and continues to be damaged by Defendants' wrongful actions described above.

## COUNT III: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

36. Plaintiff hereby realleges and reaffirms paragraphs 1 through 35 of this complaint, as if the same were herein set forth verbatim.

37. ICE Design Factory has established valuable contractual relationships with significant partners, including AAFES, Amazon, Hobby Lobby, and others.

38. These relationships have been nurtured over time and have played a pivotal role in ICE Design Factory's success.

39. As an employee that worked closely with ICE Design Factory, Georgiou not only had knowledge and access to these contracts but directly worked to fulfill these import orders with those contracting parties.

40. Since Georgiou's departure from ICE Design Factory, GiGi Seasons has engaged in intentional interference with ICE Design Factory's contractual relations by undertaking activities designed to disrupt, undermine, or damage ICE Design Factory's business relationships.

41. Georgiou has had direct correspondence with individuals managing ICE Design Factory contracts to sever or otherwise interfere with ICE Design Factory's long-standing relations.

42. Defendants' actions constitute intentional interference with contractual relations, which violates applicable state and federal laws.

43. GiGi Seasons's interference with ICE Design Factory's contractual relations has resulted in harm to ICE Design Factory's interests and opportunities for growth and expansion.

44. ICE Design Factory has been and continues to be damaged by Defendants' wrongful actions described above.

## COUNT IV: INTENTIONAL INTEFERENCE WITH ECONOMIC ADVANTAGE

45. Plaintiff hereby realleges and reaffirms paragraphs 1 through 44 of this complaint, as if the same were herein set forth verbatim.

46. ICE Design Factory had been actively engaged in negotiations and discussions with potential business partners and clients, with a reasonable expectation of entering into profitable agreements.

47. GiGi Seasons's unlawful competition using confidential information obtained from ICE Design Factory has caused the loss of major customers and over $21 million in cancelled contracts.

48. GiGi Seasons's interference with ICE Design Factory's prospective economic opportunities has resulted in harm to ICE Design Factory's interests and opportunities for growth and expansion.

49. ICE Design Factory has been and continues to be damaged by Defendants' wrongful actions described above.

## COUNT V: COPYRIGHT INFRINGEMENT

50. Plaintiff hereby realleges and reaffirms paragraphs 1 through 61 of this complaint, as if the same were herein set forth verbatim.

51. ICE Design Factory holds a copyright entitled "ICE Design Factory Detail Purchase Order Form," registered with the U.S. Copyright Office on March 8, 2024, Registration Number TX0009376217.

52. ICE Design Factory has complied in all respects with 17 U.S.C. §§ 101 *et seq.,* and has the exclusive rights and privileges in and to the copyrights in its DMR Program.

| | |
|---|---|
| **Copyright and Trade Secret Infringement Comparison** | |
| ICE Design Factory Copyrighted and Proprietary Materials | |



| |
|---|
| GiGi Seasons Materials |



53. GiGi Seasons has actively engaged in unauthorized reproduction of ICE Design Factory's copyrighted work without the proper authorization or license.

54. Upon information and belief, Gigi Seasons has communicated directly with manufacturers for ICE Design Factory's products and retained information to replicate ICE Design Factory's copyrighted work without the proper authorization or license.

55. GiGi Seasons has actively engaged in unauthorized distribution of ICE Design Factory's copyrighted work without the proper authorization or license.

56. GiGi Seasons has actively engaged in unauthorized use of ICE Design Factory's copyrighted work without the proper authorization or license.

57. GiGi Seasons' actions constitute willful infringement of ICE Design Factory's copyrighted work and a violation of U.S. Copyright Law.

58. Upon information and belief, by its acts, Defendants have made and will make substantial profits and gains to which it is not in law or equity entitled.

59. Upon information and belief, Defendants intend to continue its willfully infringing acts unless restrained by this court.

60. ICE Design Factory has been and continues to be damaged by Defendants' wrongful actions described above.

61. Unless enjoined by this Court, Defendants' acts of infringement will continue, and ICE Design Factory will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, ICE Design Factory, Inc., respectfully requests that the Court:

A. Award a temporary restraining order, preliminary injunction, and/or permanent injunction prohibiting GiGi Seasons from unfairly competing with ICE Design Factory by using ICE Design Factory's trade secrets and directly or indirectly infringing ICE Design Factory's copyrights, including without limitation using, reproducing, distributing, or creating derivative works based upon ICE Design Factory's order form.

B. Find that Georgiou has breached his fiduciary duty of loyalty with the Plaintiff and as such, award general compensatory damages, statutory damages, punitive damages, and attorney's fees and costs in this action to the Plaintiff as a matter of law.

C. Declare that Defendants have no rights or privileges to use ICE Design Factory's trade secrets or copyrighted works.

D. Find that the Defendants have violated the Illinois Trade Secrets Act (765 Ill. Comp. Sta. 1065/8 (1988) and the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq.*); Sections 106 *et seq.* and Section 501 of the Copyright Act (17 U.S.C. §§ 106 *et seq.*, and 501);

E. Preliminary and permanent injunctive relief prohibiting Defendants GiGi Seasons and Georgios Georgiou from disclosing ICE Design Factory's trade secrets.

F. Require Defendants to deliver to Plaintiff's attorneys or representatives for destruction or other disposition all remaining proprietary or confidential information, including trade secrets and copyrighted works in its possession or under its control.

G. Award ICE Design Factory restitution in an amount to be determined at trial.

H. Award ICE Design Factory compensatory damages in an amount to be determined at trial, including without limitation, ICE Design Factory's lost revenues and profits.

I. Award ICE Design Factory actual damages in an amount to be determined at trial.

J. Award ICE Design Factory punitive damages in an amount to be determined at trial, including those pursuant to 18 U.S.C. § 1836 et seq. and 765 ILCS 1065/1 et seq.

K. Award ICE Design Factory attorneys' fees and costs, including those pursuant to 18 U.S.C. § 1836 *et seq.,* 765 ILCS 1065/1 et seq., and 17 U.S.C. § 501 et seq.

L. Award ICE Design Factory statutory damages, pursuant to 17 U.S.C. § 501 *et seq.*

M. Award ICE Design Factory any such other and further relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff, ICE Design Factory, Inc. demands a trial by jury of all issues triable to a jury in the above action.

Respectfully submitted,

ICE DESIGN FACTORY, INC

Date:  December 17, 2024     By:     /s/ Michele S. Katz
                                      One of its attorneys

Michele S. Katz, Esq.
Advitam IP, LLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
Phone: (312) 332-7710
Fax:   (312) 332-7701
mkatz@advitamip.com
Firm No. 49440

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I electronically filed the foregoing COMPLAINT with the Clerk of the Court using the CM/ECF system on XXX which will send notification of such filing to the following:

    *Attorneys for Defendant*

I, the undersigned attorney, certify that I have also served a paper copy of the foregoing COMPLAINT as required by FED. R. CIV. P. 5(a) by first class U.S. Mail, proper postage pre-paid, deposited in the U.S. mail depository at before 5:00 p.m to:

    *Attorney for Defendant*

                                                      /s/ Michele S. Katz
                                                      Michele S. Katz
                                                      Attorney for Plaintiff